L. BALK CO-OPERATIVE COMPANY, INC., complainant-respondent,

*v.*

INTERNATIONAL FUR WORKERS' UNION OF THE UNITED STATES AND CANADA, LOCAL NO. 25, et al., defendants-appellants.

[Submitted March 26th, 1923.  Decided June 18th, 1923.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Buchanan.

*94 N. J. Eq.*    L. Balk Co-op. Co. *v.* Intern'l, &c., Union.

Mr. *Walter C. Sedam* (Mr. *Henry Carless* and Mr. *Samuel F. Leber,* on the brief), for the appellants.

Mr. *Russell E. Watson* (Messrs. *R. E. & A. D. Watson,* on the brief), for the respondent.

PER CURIAM.

This is the appeal of Morris Jellin, Nathan Roman and George F. Eden from an order of the court of chancery adjudging them guilty of contempt of court.

It appears that the L. Balk Co-operative Company, Inc., carrying on business in New Brunswick, brought suit in the court of chancery against the International Fur Workers' Union of the United States and Canada, Local No. 25, and several others, among whom were the appellants, to restrain them from the use of unlawful methods in carrying on a strike against the complainant. On October 3d, 1922, a rule to show cause was made, directed to the several defendants, containing provisions of *interim* restraint usual in such cases. That injunctive order was served upon Jellin and Eden October 3d, and upon Roman October 5th. On October 14th, 1922, there was presented to the vice-chancellor a petition, accompanied by affidavits, alleging that the appellants had violated the terms of such restraining order by particular acts therein stated. An order was thereupon made requiring the appellants to show cause why they should not be adjudged guilty of, and punished for, contempt of the court. Upon the hearing thereof, the vice-chancellor advised an order adjudging each of the appellants guilty of contempt and imposing punishment therefor, and an order was entered accordingly.

The first point argued by the appellants is that the vice-chancellor had no power to hear the matter and advise the order appealed from because the matter had not been referred to him by the chancellor.

This point is without merit. It overlooks chancery rule 130 (4a) promulgated March 13th, 1919, which reads as follows:

"130. Applications in the following cases may be made to any vice-chancellor, and such applications are hereby referred to such vice-chancellor to hear and advise orders and decrees therein without special order of reference; * * *

"4*a*. Applications to punish for contempt, whether civil or criminal, including applications for orders or decrees therein."

The present proceedings was not under either rule 213 or 214. These rules have to do with attachment for contempt, which historically was the procedure in cases of civil contempt. The procedure in criminal contempt, such as the case at bar, was originally by committal. Both of these methods have been largely superseded by orders to show cause and hearings thereon. *Redberg* v. *Lamachinsky, 74 Atl. Rep. 44; In re Merrill, 88 N. J. Eq. 261.* In the cases of *Seastream* v. *New Jersey Exhibition Co., 72 N. J. Eq. 377,* and *Bijur* v. *International Assn. of Machinists, 92 N. J. Eq. 644,* the proceedings were by order to show cause, and in both cases the orders appealed from were affirmed in this court.

The right of the chancellor to make general rules of reference was recognized by this court in the case of *Delaware Bay, &c., Co.* v. *Markley, 45 N. J. Eq. 139,* and that right was properly exercised by the promulgation of rule 130 (4*a*).

The next point is that the evidence did not establish the guilt of the appellants beyond a reasonable doubt.

With respect to appellant Morris Jellin, we agree with the vice-chancellor that the evidence established beyond a reasonable doubt that on October 9th, 1922, he threatened Joseph Takacs with violence, with intent to coerce him to refrain from re-entering the employ of the Balk Co-operative Company, this in violation of the provisions of the restraining order of October 3d, 1922, herein mentioned.

With respect to appellant Nathan Roman, we likewise agree with the vice-chancellor that the evidence established beyond a reasonable doubt that, after service upon him of such restraining order, and in violation of the provisions thereof, he incited, caused and abetted the commission of assaults and batteries upon employes of the company, and attempted

to intimidate such employes by threats of violence, with intent to coerce them to refrain from re-entering the employ of the company, as stated with particularity in the order adjudging him guilty of contempt.

But with respect to the appellant George F. Eden we have reached a different conclusion. He was not, and could not be in this proceeding, convicted because of anything which occurred *before* October 3d, the day upon which the restraining order was made and served upon him. The vice-chancellor acquitted him for what occurred at the informal meeting of the union on October 3d, but considered that he was equally guilty with Roman because of his presence at the formal meeting of the union of October 6th, and of his subsequent conduct in procuring bail for non-resident persons arrested by the police for acts of violence in connection with the strike. The vice-chancellor said that "the evidence leaves me without any doubt that Roman did say the things with which he is charged, and that Eden participated therein by his official presence and the implied approval of his silence or failure to protect or absolve himself." As we understand, the learned vice-chancellor did not deny the right of Eden, who was an official of the union, to be present at the meeting or to occupy the position he did in the union, nor his right to obtain bail for the men under arrest. But he considered that these circumstances, taken in connection with the fact that Eden was silent in the presence of Roman's inflammatory speech, when viewed in the light of all the evidence, justified the conclusion that he was guilty of inciting the subsequent acts of violence upon the part of sympathizers with the strikers. To this we are not prepared to agree. On the contrary, after consideration of all the evidence, we are not satisfied beyond a reasonable doubt of the guilt of Eden.

The result is that in so far as the order under review adjudged the appellant Eden guilty of contempt and imposes punishment upon him, it will be reversed, but in all other respects it will be affirmed.

Appeal of Jellin—

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—10.

*For reversal*—MINTURN, KALISCH—2.

Appeal of Roman—

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—11.

*For reversal*—MINTURN—1.

Appeal of Eden—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—12.